**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6924**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KWAME GHANDI AUSTIN,

            Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00391-FDW-3)

---

Submitted:  August 2, 2012            Decided:  August 14, 2012

---

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kwame Ghandi Austin, Appellant Pro Se.  William A. Brafford, Cortney Escaravage, Assistant United States Attorneys, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kwame Ghandi Austin appeals the district court's order denying his motion seeking a reduction of sentence under 18 U.S.C. § 3582 (2006). A district court's decision on whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion, while its conclusion on the scope of its legal authority under that provision is reviewed de novo. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010).

Our review of the record convinces us that the district court properly concluded that Austin is ineligible for the sentence reduction that he seeks. Pertinent to this appeal, a district court may reduce a defendant's sentence under § 3582(c) if a retroactively applicable amendment to the Guidelines applies to lower the Guidelines range applicable to the defendant. See USSG § 1B1.10(a)(2). As a result, a defendant who was sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2). Munn, 595 F.3d at 187.

In this case, Austin's 108-month sentence is pegged to the statutory mandatory minimum, not to the drug quantity Guidelines provisions that were subsequently altered by Amendment 750 to the Sentencing Guidelines. See USSG § 5G1.1(b) (where the mandatory minimum sentence is greater than the otherwise-applicable guideline range, the minimum sentence is

2

the guideline sentence).  Contrary to Austin's contentions, the Government's substantial assistance motion did not eliminate the applicability of the mandatory minimum and thereby resuscitate the drug quantity provisions of the Guidelines.  Instead, the Government's motion simply gave the court the ability to impose a sentence below the mandatory minimum "so as to reflect a defendant's substantial assistance."  18 U.S.C. § 3553(e) (2006).  Austin's sentence therefore reflects a reduction from the statutory mandatory minimum based on the quality of his substantial assistance, not an assessment of his culpability vis-à-vis the drug quantity Guidelines calculations.

Because his sentence was not based on a Guidelines provision that was subsequently amended, Austin is ineligible for a sentence reduction under § 3582(c).  Munn, 595 F.3d at 187.  Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3